UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY W. SHAW and PATRICIA M. SHAW, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WINDSTAR CRUISES, LLC d/b/a WINDSTAR CRUISES, a Delaware limited-liability company and WINDSTAR PRIDE LIMITED, a Bahamas company,<br><br>Defendant. | NO. 2:16-cv-01218<br><br><br><br>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES<br><br>JURY DEMAND |

COME NOW plaintiffs, and for cause of action against defendants, allege and state:

**PARTIES**

1. Plaintiffs Capt. Larry Shaw and Patricia Shaw are husband and wife. They resided in Reno, Washoe County, Nevada and were Nevada citizens, married, and fare-paying passengers onboard M/S STAR PRIDE ("STAR PRIDE") at all relevant and material times.

2. Defendant Windstar Cruises, LLC d/b/a Windstar Cruises ("defendant Windstar Cruises") is a Delaware limited-liability company with its principal place of business in Seattle, King County, Washington. It was STAR PRIDE's operator, charterer, and/or agent and defendant Windstar Pride Limited's agent at all relevant and material times.

Complaint for Personal Injuries - 1
Cause Number 2:16-cv-01218



FURY DUARTE PS
TRIAL LAWYERS

710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

3.     Defendant Windstar Pride Limited ("defendant Windstar Pride") is a Bahamian corporation. It was STAR PRIDE's owner and operator at all relevant and material times.

## JURISDICTION AND VENUE

4.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive on interest and costs, and there exists complete diversity of citizenship between plaintiffs, who are Nevada citizens, and defendant Windstar Cruises, a Washington citizen, and defendant Windstar Pride, a Bahamas citizen.

5.     The Court has personal jurisdiction over both defendant Windstar Cruises and defendant Windstar Pride.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all of the defendants are subject to the Court's personal jurisdiction and thus reside in this District.

## FACTS

7.     Plaintiffs entered into a contract of carriage with defendants, which defendants issued in Seattle, Washington, for the purpose of passage on STAR PRIDE. The cruise began on August 12, 2015 in Rome, Italy and terminated on August 20, 2015 in Venice, Italy.

8.     On the morning of August 13, 2015, plaintiffs planned to leave the vessel, which was anchored off the Island of Capri, Italy, on a tender to the island for an island tour. Because the seas were rough that morning, STAR PRIDE had cancelled earlier tender trips.

9.     The tender was positioned alongside the vessel at a loading ramp that extended from an opening in the aft, port side of STAR PRIDE's hull.

10.    To board the tender, plaintiffs were required to walk out onto the loading ramp (near flush at sea level), step from the ramp onto the lip of the tender's hull, step down onto a seat inside the tender, and then step down onto the tender's floor.

11.    STAR PRIDE provided no devices to assist plaintiffs with stepping up from the loading ramp, stepping onto or over the tender's hull, or to otherwise make the transfer, no handrails were available to assist with the transfer, and STAR PRIDE provided only one crew

Complaint for Personal Injuries - 2
Cause Number 2:16-cv-01218

FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

1  member to hold plaintiffs' hands as they attempted to step up onto and over the tender's hull
2  and into the tender.

3       12.    STAR PRIDE's crew provided no instructions or warnings to plaintiffs as to how
4  to make the transfer, how to make the transfer in the rough seas, or as to how the rough seas
5  would affect the tender.

6       13.    While boarding the tender from STAR PRIDE, with little to no assistance, a large
7  wave rocked the tender. Capt. Shaw was hurled into the air, landing on his left side, largely on
8  his elbow, shoulder, and hip.

9       14.    No crew offered to assist Capt. Shaw after he fell. Two passengers came to
10 Capt. Shaw's aid and helped him to his feet.

11      15.    Capt. Shaw later visited the vessel's physician and infirmary. There was no x-
12 ray machine. The physician treated Capt. Shaw's symptoms with two shots of Demerol and
13 opium pain pills, which was the extent of care he received for the duration of the cruise. As
14 soon as Capt. Shaw returned home he sought medical attention, which required surgical
15 intervention.

## CAUSE OF ACTION

17      16.    Defendants owed a duty to exercise the highest degree of care consistent with
18 the operation of a vessel, including, but not limited to, a duty to exercise care to transport their
19 passengers safely, maintain a reasonable and safe means for passengers to disembark, to render
20 services, including provision of appropriate employees as are necessary to get passengers safely
21 ashore, and to warn of passengers of dangers.

22      17.    Defendants breached their duty to plaintiffs. Defendants' breaches include, but
23 are not limited to:

24           17.1.    Defendants engaged in transferring passengers from STAR PRIDE to a tender to transport those passengers to shore despite ocean conditions making the transfer and transport unsafe.

Complaint for Personal Injuries - 3
Cause Number 2:16-cv-01218

FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

17.2. Defendants failed to provide adequate staff or crewmembers necessary to assist passengers with safely transferring from STAR PRIDE to the tender.

17.3. Defendants failed to provide adequate safety measures and/or devices to assist passengers with safely transferring from STAR PRIDE to the tender.

17.4. Defendants created a dangerous condition by engaging in the transfer of passengers from STAR PRIDE to the tender in the ocean conditions that were present.

17.5. Defendants knew or should have known the ocean conditions rendered the transfer of passengers from STAR PRIDE to the tender and transport of passengers ashore unsafe.

17.6. Defendants knew or should have known adequate staff and/or crew and adequate, appropriate safety measures and/or devices were necessary to assist passengers with transferring from STAR PRIDE to the tender.

17.7. Defendants failed to warn passengers of the dangers associated with transferring from STAR PRIDE to the tender or to provide adequate instruction in doing so, including in the ocean conditions present.

18. Capt. Shaw suffered serious injuries as a direct and proximate result of defendants' negligence. The full extent of these injuries has not yet been determined.

## DAMAGES

19. As a direct and proximate result of defendants' negligence, Capt. Shaw incurred reasonable and necessary medical and health-care expenses, including, but not limited to, costs and charges for physicians, surgeons, drugs and medications, hospital and facility use, physical therapy, and other past and future medical and health care. He will continue to incur like expenses in the future in an unknown amount.

20. As a direct and proximate result of defendants' negligence, Capt. Shaw incurred miscellaneous out-of-pocket expenses in connection with costs of transportation to obtain reasonable and necessary health care and other miscellaneous costs.

21. As a direct and proximate result of defendants' negligence, Capt. Shaw experienced mental and physical pain and suffering, loss of ability to enjoy life, and disability, and will with reasonable certainty experience such injuries and damages in the future. All of his general damages are continuing in nature and result in permanent injury and damage.

Complaint for Personal Injuries - 4
Cause Number 2:16-cv-01218

FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

22. As a direct and proximate result of defendants' negligence and the injuries such negligence proximately caused plaintiff Capt. Shaw, Mrs. Shaw suffered a loss of consortium, including loss of love, affection, care, services, companionship, and society.

### JURY DEMAND

23. Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs demand a trial by jury as to all issues so triable in this action.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that the Court enter judgment against defendants, jointly and severally, as follows:

1. For money judgment in such sum as will fully and fairly compensate plaintiffs for their injuries, general damages, special damages, including prejudgment interest, all other damages to be proven at trial, and attorney fees, costs, and disbursements, but in an amount no less than $550,000; and

2. For all further relief deemed just and proper.

DATED this 3rd day of August, 2016.

> FURY DUARTE PS
>
> /s/ Scott David Smith
> SCOTT DAVID SMITH, WSBA No. 48108
> C. STEVEN FURY, WSBA No. 8896
> 710 Tenth Avenue East
> Seattle, Washington 98102
> (206) 726-6600
> (206) 726-0288 (fax)
> scott@furyduarte.com
> steve@furyduarte.com
> *Attorneys for Plaintiffs*



FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288